

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | No. 12-35529 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-05366-RBL |
| v. | |
| NICOLE JOHNSON RIVERSON, | MEMORANDUM* |
| Defendant, | |
| and | |
| JAMES CURTIS, husband and their marital community composed thereof; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 9, 2013
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior District Judge.[**]

Defendants-Appellants Nicole Johnson Riverson, James and Leila Curtis, and James Curtis as guardian for S.C., appeal the district court's grant of summary judgment in favor of Plaintiff-Appellee Allstate Indemnity Company (Allstate) on Allstate's claims for declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in concluding that the acts of J.J., Riverson's minor child, were excluded from coverage under the "sexual molestation" exclusion of Riverson's Home Day Care Coverage Endorsement. In construing the language of an insurance policy under Washington law, we examine the contract as a whole. *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 726 P.2d 439, 443 (Wash. 1986). "A policy provision is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Id.* (citations omitted). "A provision, however, is not ambiguous merely because the parties suggest opposing meanings." *Mayer v. Pierce Cnty. Med. Bureau, Inc.*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995) (citation omitted). "[A]mbiguity will not

---

[**] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

2

be read into a contract where it can be reasonably avoided." *Id.* (citation and internal quotation marks omitted).

Here, the language of the Home Day Care Coverage Endorsement's "sexual molestation" exclusion unambiguously excludes coverage for acts of sexual molestation by *any* insured person, not just an insured involved in the home day care business. Because J.J. was an insured person under the policy, the district court correctly determined that J.J.'s acts of sexual molestation were excluded from coverage. The district court also properly determined that because J.J. was an insured person, the policy's joint obligations clause applied and excluded Riverson from coverage for liability arising from J.J.'s acts.

**AFFIRMED.**